MOLINA, PLAINTIFF AND APPELLEE, *v.* PORTO RICAN LLOYD'S, DEFENDANT AND APPELLANT.

APPEAL from the District Court of San Juan in an Action for Performance of Contract and Damages.

No. 2651.—Decided July 28, 1922.

DAMAGES — INSURANCE — AUTOMOBILE — COLLISION — ATTACHMENT.—An insurance policy on an automobile covering the insured against any suit by persons whose property may be damaged as a result of a collision with the insured car binds the insurance company to dissolve an attachment levied on the automobile in an action for damages brought by such persons, or to adopt any other measure that will leave the automobile at the free disposal of the owner.

ID.—ID.—ID.—NON-PERFORMANCE OF CONTRACT.—The amount of damages for the non-performance of a continuing contract should be limited to the damages caused up to the date of the filing of the complaint, without prejudice to the right of the plaintiff to bring a new action for damages sustained after that date. *Estate of Olivas & Co.* v. *J. Matienzo & Co.,* 13 P. R. R. 285.

ID.—ID.—ID.—ID.—An insurance company which in its policy guarantees to the

insured "a complete repair" of the insured automobile in the event of collision, is bound to substitute new parts for the parts which are broken or damaged to such extent as to render it impossible to put them again in their original condition.

Id.—Id.—Id.—When an automobile insured against collision is damaged as the result of a collision and the insurance company fulfills well and promptly its obligation to repair the same, generally there will be no damages for being deprived of the use of the automobile while it is being repaired. But when the company delays performance of its obligation, when the repairs are not complete or when for other causes chargeable to it the owner is prevented from deriving the positive benefit that he usually derived from the use of his automobile, it is clear that he is entitled to indemnity for what he failed to earn.

The facts are stated in the opinion.

*Mr. L. Janer* for the appellant.

*Mr. M. Benítez Flores* for the appellee.

Mr. Chief Justice Del Toro delivered the opinion of the court.

The plaintiff, the owner of the Buick automobile No. 528108 valued at $1,600, insured it with the defendant company.

The company agreed as follows:

"(Damages to Another's Property): This risk covers the insured against any judicial action by a person or persons whose property may have been damaged in consequence of a collision with the insured car. ⁜ ⁜ ⁜

"(Collision): Under this risk the insured is covered in accordance with the above privilege against losses or damages which the insured car may suffer as the result of a collision with another car or object. The insured has a right to complete repairs to the insured car, the cost thereof not to exceed the amount for which it is insured."

While the policy was in force the insured car collided with another car and was damaged. The defendant sent the car to a shop and it was repaired. The owner of the car with which the plaintiff's car collided brought an action for the damages sustained as a result of the collision and, in order to secure the effectiveness of the judgment that might be rendered, attached the plaintiff's car. The plain-

tiff asked the defendant to relieve him of the effects of the attachment, but the defendant refused. Alleging that the defendant was under the obligation to protect him against the attachment and in failing to do so caused him damages, and that the repairs made to the car were not complete, the plaintiff brought this action and prayed as follows:

"Wherefore he prays the court for a judgment sustaining this complaint and ordering the defendant company to perform the insurance contract by delivering to him his said Buick automobile completely repaired and free from all encumbrance, or pay to him $200 for the necessary repairs and $400 for depreciation in the car's market value, and also to pay him as damages the said sum of $15 a day from the date of the accident until the date of the judgment, together with the costs, expenses, interest and attorney fees."

The defendant insisted that it was not bound by its contract to raise the attachment and that the repairs made were complete. The issue being thus joined, the case was tried and the court gave judgment for the plaintiff. It is well to transcribe the whole opinion of the court. It reads as follows:

"In this case the plaintiff sues for the performance of a contract and at the same time for the damages sustained because of the nonperformance of the same contract by the defendant. The contract is an insurance policy on an automobile. By it the defendant agreed to protect the insured, the plaintiff, against losses or damages which the insured car might suffer as a result of a collision with another car or object, the insured, having a right to complete repairs to the insured car. The plaintiff alleges that this condition of the policy has not been complied with, inasmuch as the plaintiff's automobile, which collided with another, has not been completely repaired. On this point we think that the repairs made for the account of the defendant to the plaintiff's automobile were not complete, for the testimony of expert mechanics at the trial showed that all of the damaged parts were not replaced by new ones; but, on the contrary, one of them of great importance was mended in such a way that although the car could be used, its value was depreciated. We under-

stand that the expression 'complete repairs' used in the insurance policy implies the substitution of new parts for damaged parts and not the mending of the damaged parts.  On another hand, the plaintiff alleges that the defendant has failed to perform the contract in not protecting him, in accordance with the policy, against an attachment levied in an action brought by the owner of the other automobile as a result of the same collision.  It was shown at the trial that the plaintiff's automobile was attached by order of the District Court of San Juan and that by reason of that attachment the plaintiff has been deprived of the use of his automobile and compelled to hire others frequently in order to carry on his usual business.  One of the conditions of the policy in question reads as follows: 'This risk *covers* the insured *against any judicial action* by a person or persons whose property may have been damaged in consequence of a collision with the insured car.'  In this case, at the instance of Adolfo Mesorana, the person whose automobile was damaged as a result of the collision with the automobile of plaintiff Molina, the attachment was granted and when it was levied the plaintiff was deprived of the use of his automobile, and the defendant did not protect him by endeavoring to raise the attachment so as to permit him the free use of his car.  We are of the opinion that the language of the said condition of the policy is so clear that it leaves no room for doubt.  An attachment is a civil judicial proceeding and comes within the phrase 'against any judical action' contained in the policy.  The insurance company is bound to protect the owner of the insured car against an attachment, either by giving the necessary bond for its dissolution or by any other legal proceeding that may have the same effect.  The company has refused to do this.  We, therefore, consider that it is fair that the company should indemnify the plaintiff for the damages sustained by him because of the company's failure to perform this condition of the contract.  The sum of $400 is reasonable to indemnify him for these damages.''

The dispositive part of the judgment appealed from reads as follows:

'' *   *   *   the court renders judgment sustaining the complaint and consequently orders the defendant Porto Rican Lloyd's, or its agents, Sobrinos de Ezquiaga:—First: To make for their account

complete repairs to the insured automobile by substituting new parts for the damaged parts.—Second: To pay the plaintiff as an indemnity for the damages the sum of $400.—Third: To take the necessary steps to dissolve the attachment levied on the plaintiff's automobile to which this action refers, so that it shall be delivered to him free from all encumbrance, the defendant to pay to the plaintiff $5 for each day from the date of this judgment until the automobile is placed at the free disposal of the said plaintiff.—Fourth: That the defendant pay the costs and the plaintiff's attorney's fees in this case."

The first question to be considered is that relating to the attachment. The appellant maintains that by the contract it was obligated to satisfy the judgment that might be rendered against the plaintiff, but that it had nothing to do with the attachment. In our opinion the appellant is wrong. The attachment was an incident of the judicial action brought against the plaintiff and if the defendant agreed to protect the plaintiff against any judicial action, it is clear that the protection should be extended to the incident. If the defendant was bound to satisfy the judgment, it was its duty also, and not that of the plaintiff, to secure the payment of the judgment.

The first part of the third pronouncement of the judgment is correct. The question is whether the second part, which orders the payment of $5 a day from the date of the judgment until the automobile is placed at the free disposal of the plaintiff, is likewise correct. In our opinion it is not, and in support of this conclusion it is sufficient to cite the case of *Estate of Olivas & Co.* v. *J. Matienzo & Co.*, 13 P. R. R. 285. The following is quoted from the syllabus:

"In estimating the damages occasioned by failure to comply with a contract, the duration of which is continuous, such as for the delivery of a certain quantity of milk daily, the court must not take into consideration damages which may occur in the future —that is to say, between the date on which the complaint is filed

and the date fixed for the expiration of the contract—because it is impossible to say whether such a failure to comply will be persisted in or that some inevitable accident sufficient to excuse such failure may not occur; therefore, indemnity for damages must be limited to the date of the filing of the complaint.

"In accordance with the foregoing doctrine, the plaintiff has a right to bring a new action for the damages which he may suffer after the date on which the complaint is filed."

2. Let us consider now the first pronouncement of the judgment, that is, whether or not complete repairs were made. We do not agree with the absolute statement made by the trial judge in his opinion to the effect that it is always necessary to substitute · new parts for the damaged parts. If instead of saying damaged parts he had said broken parts, or parts damaged so that it would be impossible to restore them to their original condition, it would be dif· ferent. And in fact this last is what the evidence showed to have occurred in this case. Hence, the error assigned was harmless. Not only the evidence of the plaintiff, but also the · evidence of the defendant, showed that, at least as regards the chassis, the repairs were not complete.

According to the jurisprudence cited by the appellant, to repair means to restore to its original condition, and a broken chassis is not completely repaired, that is, restored to its original condition, by making an interior reinforce· ment by means of rivets, as was done in this case.

3. Let us examine the second pronouncement. In cases of this kind when the insurance company fulfills well and promptly its obligation to repair the car, generally there will be no damages for being deprived of the use of the car while it is being repaired. But when the company delays the performance of its obligation; when the repairs are not complete, and when for other causes chargeable to it the owner is prevented from deriving the positive benefit that he usually derived from the use of his car, it is clear

that damages are recoverable. The district court estimated the damages in this case at $400. We have reviewed the evidence and find a basis for allowing only the sum of $116.

4. The fourth pronouncement relative to costs should be affirmed.

<em>Affirmed in part.</em>

Justices Aldrey, Hutchison and Franco Soto concurred.

Mr. Justice Wolf took no part in the decision of this case.